UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

ANDREW ALPHANSO BLAKE,

Defendant.

10-CR-206

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 23, 2010, Andrew Alphanso Blake pled guilty to a one-count indictment which charged that on February 19, 2010, the defendant, an alien who had previously been deported from the United States after a conviction for the commission of an aggravated felony, attempted to enter the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to the defendant's applying for admission, in violation of 8 U.S.C. § 1326(a).

Blake was sentenced on July 20, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 41 and 51 months. The offense carried a maximum term of imprisonment of 20 years. 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $7,500 to $75,000.

Blake was sentenced to 5 months' incarceration and 3 years' supervised release. The defendant has been incarcerated since his arrest on February 19, 2010; he has served his full sentence. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The defendant previously had been convicted in Bronx County of assault and criminal possession of a weapon in 1994 and was deported to Jamaica in 2001. Approximately four years after his deportation, United States Immigration and Customs Enforcement (ICE) mailed the defendant his Jamaican passport and United States permanent resident card and social security card. On February 10, 2010, defendant's mother passed away in the United States. Defendant's sister, also living in the United States, contacted both the United States Attorney General's Office and United States Customs and Border Protection, and was apparently told that defendant would be allowed to reenter the United States to attend his mother's funeral. Defendant returned to the United States on February 19, 2010 and was detained by Immigration and Customs Enforcement (ICE) at John F. Kennedy International Airport. Since his deportation in 2001, the defendant has led a law-abiding life and worked in the construction industry. His family in Jamaica, including a young daughter who suffers from severe asthma, depends upon him for financial support. A sentence of 5 months' incarceration reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal entry into the United States by a deported alien will result in incarceration and likely deportation. Specific deterrence is also achieved through incapacitation and likely deportation. It is unlikely that he will engage in further criminal activity in light of the

3

circumstances of his return to the United States, his lack of malicious intent, his likely deportation, the need to provide for his family in Jamaica, and his recent history of otherwise lawful behavior.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: July 21, 2010
      Brooklyn, New York